UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **JESUS DAVID PORTILLO,** § | |
| § | |
| *Plaintiff,* § | |
| v. § | |
| § | EP-23-CV-270-DCG |
| **TRANS UNION, LLC, EQUIFAX** § | |
| **INFORMATION SERVICES, LLC, and** § | |
| **WELLS FARGO BANK N.A.,** § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM ORDER

Plaintiff Jesus David Portillo brings this putative class action against Defendant Trans Union, LLC ("Trans Union") and others, alleging that they violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Before the Court is Trans Union's "Motion to Compel Plaintiff's Discovery Responses" (ECF No. 47) ("Motion"), in which it seeks an order overruling Plaintiff's written objections to its discovery requests and compelling him to produce the discovery requested. The Honorable Senior District Judge David C. Guaderrama referred the motion to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rule for resolution.[1] For the reasons below, the Court **DENIES** Trans Union's Motion.

Federal Rule of Civil Procedure 37(a)(1) allows parties to move to compel others to produce discovery. The rule requires motions to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Similarly, Local Rule CV-7(g) states that the Court

---

[1] *See Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016–18 (5th Cir. Unit A 1981) ("[D]iscovery issues are by definition pretrial matters," and a magistrate judge has "the authority under 28 U.S.C. § 636(b)(1)(A) to enter non-dispositive discovery orders.").

> may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

W.D. Tex. Loc. R. CV-7(g).  Simply put, this local rule requires the parties to meet and "confer" in "good faith" to resolve the dispute without court intervention before they file a non-dispositive motion, such as one on discovery matters.  *See* 12 Charles Wright & Arthur Miller, *Fed. Practice & Procedure* § 3068.2 (4th ed.) (Motions on discovery matters are generally non-dispositive.); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation.").

To "confer" means that the parties must have enough two-way communications to discuss, deliberate, or compare views on any issues necessary to resolve the dispute.  *See Perkins v. United States Parcel Serv. of America, Inc.*, No. EP-23-CV-258-KC, 2024 WL 1493808, at *1 (W.D. Tex. Apr. 5, 2024); *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012).  And to do so in "good faith" means that the parties must genuinely attempt to resolve the dispute without judicial intervention, and not to treat their negotiations simply as a formal prerequisite for judicial review.  *Perkins*, 2024 WL 1493808, at *1; *Compass*, 287 F.R.D. at 399.  To that end, parties flout Local Rule CV-7(g) when they file non-dispositive motions after, for example, only communicating through one-way letters or emails, or demanding compliance from one another without first identifying and discussing any specific issues.[2]

---

[2] *See, e.g.*, *Velazquez–Perez v. Developers Diversified Realty Corp.*, 272 F.R.D. 310, 312 (D.P.R. 2011) (plaintiff's communications that threatened defendant with moving to compel if discovery requested was not produced did not satisfy meet-and-confer requirement); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) (parties do not satisfy the conference requirement simply by requesting or demanding compliance with discovery requests).

Here, the Court concludes that Trans Union flouted Rule 37(a)(1) and Local Rule CV-7(g) because it filed the Motion without the required certificate of conference and before the parties met and conferred on their discovery disputes.  Indeed, a review of the Motion and its exhibits only reveals that Plaintiff shared his objections to Trans Union's discovery requests and that Trans Union argued why those objections were deficient.

On November 22, 2023, Trans Union's counsel served the disputed discovery requests on Plaintiff.  *See* Mot. at 1.  Plaintiff's counsel served Plaintiff's objections and responses on Trans Union on January 26, 2024.  *See generally* Mot., Ex. C, ECF No. 47-3.

On February 15, 2024, Trans Union's counsel sent Plaintiff's counsel a letter that generally argued why several of Plaintiff's responses and objections, as well as his discovery productions, were deficient.  *See id.*, Ex. A, ECF No. 47-1.  At the end of the letter, Trans Union's counsel demanded Plaintiff to produce the disputed discovery without objection no later than February 23, 2024.  *Id.*  A month later, on March 15, 2024, Trans Union's counsel sent Plaintiff's counsel a follow-up letter on their discovery demands from the February 15, 2024 letter.  *See id.*, Ex. B, ECF No. 47-2.

On April 17, 2024, Trans Union filed the Motion.  Yet in its Motion, Trans Union failed to include the certificate of conference that both Rule 37(a)(1) and Local Rule CV-7(g) require.  True, Trans Union argues in its Motion that Plaintiff failed to respond to its counsel's letters "or otherwise engage in the meet and confer process." Mot. at 2.  But nothing in those letters suggests that Trans Union's counsel reached out to Plaintiff's counsel to meet and confer, much less that the parties genuinely attempted to resolve their discovery disputes without court intervention.  For example, Trans Union's letters do not reveal any attempt to discuss the disputed discovery topics in person or remotely (either via video- or tele-conference).  *See Aponte-Navedo v. Nalco Chem.*

*Co.*, 268 F.R.D. 31, 40 (D.P.R. 2010). At best, those letters "only showed [Trans Union's] point of view over the objections [that Plaintiff] made." *Aponte-Navedo*, 268 F.R.D. at 40; *see also Robinson v. Napolitano*, No. CIV. 08–4084, 2009 WL 1586959, at *3 (D.S.D. June 4, 2009) (finding that government's letter to plaintiff, outlining why his discovery responses were deficient, did not satisfy the meet-and-confer requirement).

In fact, the two letters reveal that, rather than requesting to meet and confer on Plaintiff's objections, Trans Union's counsel instead only demanded that Plaintiff comply with its disputed discovery requests without objection. *See* Mot., Exs. A & B. But as explained above, communication through one-way letters and simply reiterating demands of compliance with disputed discovery requests by an arbitrary deadline are not genuine attempts to resolve a dispute without court intervention. *See Velazquez*, 272 F.R.D. at 312; *Cotracom*, 189 F.R.D. at 459; *see also Antonis v. Elecs. for Imaging, Inc.*, No. 07–cv–163–JL, 2008 WL 169955, at *1 (D.N.H. Jan. 16, 2008) ("[A]s a general principle, simply reiterating demands for production in a series of emails probably does not meet the requirement that the parties confer in good faith about discovery issues before invoking judicial remedies.").

Accordingly, the Court **DENIES** Defendant Trans Union's LLC's "Motion to Compel Plaintiff's Discovery Responses" (ECF No. 47).

The Court **WARNS** Trans Union's counsel that repeated failure to comply with the Federal Rules of Civil Procedure and the Court's Local Rules may result in **SANCTIONS.**

**So ORDERED and SIGNED this 22nd  day of April 2024.**

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**